5 F.3d 544
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Sheila WAINSCOTT, et al., Plaintiff-Appellant,
v.
UNITED STATES of America, et al., Defendants-Appellees.
 No. 93-55868.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Decided Aug. 25, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sheila Wainscott[1] appeals pro se the district court's dismissal of her civil rights action against the United States and various bankruptcy court personnel as frivolous pursuant to 28 U.S.C. Sec. 1915(d). We have jurisdiction under 28 U.S.C. Sec. 1291. We review the district court's dismissal of an action under 28 U.S.C. Sec. 1915(d) for an abuse of discretion, see Denton v. Hernandez, 112 S.Ct. 1728, 1730-31 (1992), and we affirm.
 
 
 3
 In her complaint, Wainscott made vague and conclusory allegations against the bankruptcy trustee and the clerk of the bankruptcy court. For instance, she claimed that they intentionally mislead her about the automatic stay provisions of the United States Bankruptcy Code. The district court may dismiss sua sponte an in forma pauperis action that is premised on meritless legal theories or clearly lacks a factual basis. See Neitzke v. Williams, 490 U.S. 319, 324, 327 (1989).
 
 
 4
 As all of the allegations against the clerk and trustee appear to be related to Wainscott's bankruptcy action and her dissatisfaction with their handling of that action, the clerk and trustee enjoy absolute quasi-judicial immunity. See Mullis v. United States Bankruptcy Court for the Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). Because the individual defendants enjoy quasi-judicial immunity, the United States is likewise immune from suit under the Federal Tort Claims Act. See 28 U.S.C. Sec. 2674; cf. Sharma v. Stevas, 790 F.2d 1486 (9th Cir.1986) (affirming the district court's dismissal of an FTCA action because the Clerk of the United States Supreme Court enjoyed absolute quasi-judicial immunity). As all of the defendants possess immunity in this action, the district court properly dismissed this action under 28 U.S.C. Sec. 1915(d). See Neitzke, 490 U.S. at 324, 327.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Wainscott's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wainscott purportedly filed the complaint on behalf of herself and her minor children. Throughout this memorandum disposition, we shall refer to Wainscott and the minor children collectively as "Wainscott."